UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Kristine B. Whitfield

     v.                                           Civil No. 22-cv-280-JL
                                                Opinion No. 2023 DNH 026

Kilolo Kijakazi, Acting Commissioner,
Social Security Administration

## ORDER ON APPEAL

Kristine Whitfield appeals the Social Security Administration's ("SSA") denial of her applications for disability insurance benefits under Title II and supplemental security income under Title XVI of the Social Security Act. The Administrative Law Judge ("ALJ") found that, despite certain severe physical and mental limitations, Ms. Whitfield retained the residual functional capacity to jobs at the light work exertional level. Ms. Whitfield argues that the ALJ erred by giving insufficient weight to certain medical opinions and failing to follow the opinion provided by one of the vocational experts who testified in this case.

On appeal, Ms. Whitfield asks this court to reverse the Acting Commissioner's decision and to remand the case for further administrative proceedings. See LR 9.1(c). The court has jurisdiction under 42 U.S.C. § 405(g) (Social Security). The Acting Commissioner objects and moves for an order affirming the decision. See LR 9.1(d). For the reasons that follow, the court grants Ms. Whitfield's motion to reverse and remand and denies the Acting Commissioner's motion to affirm.

## I. **Applicable legal standard**

For purposes of review under § 405(g), the court "is limited to determining whether the ALJ deployed the proper legal standards and found facts upon the proper quantum of evidence." Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999); accord Sacilowski v. Saul, 959 F.3d 431, 437 (1st Cir. 2020).  Questions of law are reviewed de novo. Seavey v. Barnhart, 276 F.3d 1, 9 (1st Cir. 2001). The ALJ's factual findings must be affirmed if they are supported by substantial evidence.  Biestek v. Berryhill, 139 S. Ct. 1148, 1153 (2019).  Substantial evidence is "more than a mere scintilla" and means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. at 1154 (cleaned up).  The court must affirm the ALJ's findings, even if the record could support a different conclusion, when "a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support [the ALJ's] conclusion." Irlanda Ortiz v. Sec'y of Health & Human Servs., 955 F.2d 765, 769 (1st Cir. 1991); accord Purdy v. Berryhill, 887 F.3d 7, 13 (1st Cir. 2018).

To establish disability for purposes of benefits under Title II and Title XVI under the Social Security Act, an adult claimant must demonstrate an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment .  .  . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A). "An ALJ employs a five-step test to determine if an individual is disabled within the meaning of the Social Security Act" that asks "questions that are sequential and iterative, such that the answer at each step determines whether progression to the next is

warranted." Sacilowski, 959 F.3d at 433. The steps are: (Step 1) whether the claimant is currently engaging in substantial gainful activity; if not, (Step 2) whether the claimant has a severe impairment; if so, (Step 3) whether the impairment meets or medically equals an entry in the Listing of Impairments; if not, (Step 4) whether the claimant's residual functional capacity is sufficient to allow her to perform any of her past relevant work; and if not, (Step 5) whether, in light of the claimant's residual functional capacity, age, education, and work experience, she can make an adjustment to other work available in the national economy.[1] Id. (citing 20 C.F.R. §§ 404.1520(a)(4)(i)-(v)); see also §§ 416.920(a)(4)(i)-(v).[2] The claimant bears the burden of showing he is disabled through the first four steps, but at Step 5 the Commissioner must provide evidence to show that there are jobs in the national economy that the claimant can do. Sacilowski, 959 F.3d at 434.

---

[1] Between Step 3 and Step 4, the court assesses the claimant's residual functional capacity to determine whether he has the capacity to work despite his limitations. 20 C.F.R. §§416.945(a).

[2] 20 C.F.R. Part 404 applies to claims for disability insurance benefits, while 20 C.F.R. Part 416 applies to claims for supplemental security income, but the regulations provide the same five-step analytical framework and are otherwise the same for purposes of the issues in this case. See Reagan v. Sec'y of Health & Human Servs., 877 F.2d 123, 124 (1st Cir. 1989). For that reason, the court will refer to Part 404 in the citations to the regulations.

## II.  **Background**

The background information is a summary of the plaintiff's factual statement and the Acting Commissioner's procedural background, along with references to the administrative record ("Tr.").[3]

Ms. Whitfield was diagnosed with degenerative disc disease, migraine headaches, depressive and anxiety disorders, substance abuse disorder, hypothyroidism, asthma, and obesity. Tr. at 1531-32.  She applied for disability insurance benefits and supplemental security income in 2018, alleging that she became disabled as of February 28, 2017. Tr. at 10. After her applications were denied at the administrative level, Ms. Whitfield requested a hearing before an ALJ. Id. The ALJ held a hearing on September 25, 2019, and then issued a decision on November 6, 2019, finding that Ms. Whitfield was not disabled between the onset date of February 28, 2017, through the date of the decision. Tr. at 21. The Appeals Council denied review, and Ms. Whitfield appealed to this court. Tr. at 1-6 & 1596-97. In response, the Acting Commissioner moved to remand the case for further administrative proceedings, which the court granted. Whitfield v. Social Security Admin., 20-cv-976-JD (D.N.H. Apr. 21, 2021); Tr. 1598.

On remand, the Appeals Council vacated the ALJ's November 6, 2019, decision and directed the ALJ to resolve certain issues and to obtain additional evidence. Tr. at

---

[3] Under the Local Rules in this district, the plaintiff in a social security case is tasked with filing a statement of material facts, and the government is directed to file a statement of facts only if material facts were omitted from the plaintiff's statement. LR 9.1(c) & (d).

1602-06.  The Appeals Council also noted that Ms. Whitfield filed subsequent applications for benefits on October 6, 2020, and directed the ALJ to consolidate the claims and to issue a new decision on the consolidated claims. Tr. at 1605.

The ALJ held a telephone hearing on the consolidated claims on January 6, 2022. Tr. at 1528. Ms. Whitfield testified at the hearing. Id. Reviewing medical experts, Collette Valette, Ph.D., and Robert Pick, M.D., testified, and a vocational expert, Gabrielle Ficchi, also testified. Id. The ALJ held a supplemental telephone hearing to hear testimony from a different vocational expert, Peter Manzi, on March 8, 2022. Id. The ALJ issued an unfavorable decision on April 18, 2022, finding that Ms. Whitfield had not been disabled at any time during the period between February 28, 2017, and the date of the decision. Tr. at 1525-56.

In the decision, the ALJ found at Step 2 that Ms. Whitfield had severe impairments due to degenerative disc disease, migraine headaches, depressive disorder, anxiety disorder, and substance abuse disorder. Because the evidence showed Ms. Whitfield had experienced an exacerbation of her back symptoms in June of 2019, the ALJ divided Ms. Whitfield's applications into two time periods.  Tr. at 1536 & 1545. The first period was from February 18, 2017, through May 31, 2019. The second period was from June 1, 2019, through April 18, 2022, the date of the decision.

The ALJ assessed Ms. Whitfield's physical residual functional capacity for the first period, February 28, 2017, through May 31, 2019, as the ability to perform light work but limited to standing, sitting, and walking for six hours, no climbing except occasionally to climb ramps and stairs, occasional postural activities, and a need to avoid

certain environmental conditions. Tr. at 1536. In support, the ALJ relied on the opinions

of state agency reviewing doctors, Alice Truong, M.D. and Linda Margiloff, M.D. Tr. at

1541. The ALJ rejected the opinions provided by the medical expert, Dr. Robert Pick,

and Ms. Whitfield's treating doctors, Dr. Gerald Corcoran, and Dr. Scott Mulliken, and

treating nurse practitioner, APRM Siobhan Benham, who all found that Ms. Whitfield

was limited to sedentary or less than sedentary work, with other limitations. Tr. 1542-45.

      For the second period, June 1, 2019, through April 21, 2022, the ALJ assessed a

residual functional capacity to perform light work but limited to standing or walking for

four hours per day, sitting for six hours with an ability to change positions between sitting

and standing, no climbing except to occasionally climb stairs or ramps, occasional

postural activities, and frequent reaching with both arms. Tr. at 1545. The ALJ relied on

the opinion provided by State agency consultant Dr. Leslie Abramson and also included

some of the limitations found by the medical expert, Dr. Robert Pick. Tr. at 1549. The

ALJ rejected the greater part of Dr. Pick's opinion, that found Ms. Whitfield was limited

to sedentary work with other limitations, including the ability to reach only occasionally.

Again, the ALJ rejected the opinions of Ms.Whitfield's treating medical providers, Dr.

Corcoran, Dr. Mulliken, and APRN Burnham, who restricted Ms. Whitfield to sedentary

or less than sedentary work. Tr. at 1551-53.  In addition, the ALJ rejected the opinion of

the state consultative examiner, Dr. Ralph Wolf, who also found that Ms. Whitfield not

able to do even sedentary work. Tr. at 1553.

      The ALJ relied on the vocational expert's opinion at the first hearing, held in

September of 2019, to conclude that under each of the two residual functional capacity

6

assessments work existed in the national economy that Ms. Whitfield could do. As a result, the ALJ found Ms. Whitfield was not disabled. There is no decision from the Appeals Council in the record. The Acting Commissioner represents that Whitfield did not file exceptions to the decision with the Appeals Council and that the ALJ's decision became the final decision of the Acting Commissioner in June of 2022.

## III. <u>Analysis</u>

In her motion to reverse the Acting Commissioner's decision, Ms. Whitfield contends that the ALJ improperly evaluated the opinions provided by the medical expert, Dr. Robert Pick, and her treating providers, Dr. Gerald P. Corcoran and APRN Siobhan Benham. Ms. Whitfield focuses on the ALJ's failure to limit her ability to reach to occasionally, based on the testimony of the medical expert and her providers. She also faults the ALJ for not adequately considering the effects of all of her impairments in combination. Ms. Whitfield further contends that the ALJ erred in relying on the opinion of the original vocational expert rather than the experts who testified at the more recent hearings without providing an explanation.

The Acting Commissioner contends that the ALJ properly addressed the medical opinions and appropriately relied on the opinions of the vocational experts from the 2019 hearing and from the supplemental hearing in March of 2020. The Acting Commissioner argues that substantial evidence supports the ALJ's decision and moves to affirm.

A. **Medical opinions**

Under the current social security regulations, an ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520c(a). Instead, an ALJ considers the supportability of the opinion, the extent to which the opinion is consistent with evidence from other sources, the medical source's relationship with the claimant, the specialization of the medical source, and certain other factors such as the familiarity of the medical source with the disability program. § 416.920c(c). The most important factors are supportability and consistency. Purdy v. Berryhill, 887 F.3d 7, 13, n.8 (1st Cir. 2018); Susan R. v. Kijakazi, 2022 WL 16947800, at *3 (D.R.I. Nov. 15, 2022). In the decision, the ALJ will articulate how persuasive he or she found opinions from medical sources based on certain criteria. § 404.1520c(b).

Focusing on reaching, Ms. Whitfield's treating medical providers and the medical expert all found that she had limitations in her ability to reach. The ALJ, however, found that those opinions were not supported by and were inconsistent with the medical record. The ALJ relied on opinions by state consultants, Dr. Margiloff, Dr. Truong, and Dr. Abramson, who found that Ms. Whitfield had no "manipulative limitations," to conclude that Ms. Whitfield had no limitations in her ability to reach.[4]

---

[4] The Acting Commissioner explained in the motion to affirm that manipulative limitations include the ability to reach, along with grasping, handling, and fingering. Doc. no. 13-1, at 6, n.3.

The ALJ found that the state consultants' opinions were supported by and were consistent with Ms. Whitfield's medical records, but the opinions are not consistent with the providers' and the medical expert's opinions. The state consultants did not address Ms. Whitfield's ability to reach specifically and instead found no limitations as to manipulation as a whole. Although it is the ALJ's responsibility to resolve conflicts in the evidence, Purdy, 887 F.3d at 13, this case presents a situation in which the opinion of a reliable medical expert would have been particularly useful to address and resolve the differences of opinion.

### B. Appeals Council's order

As is noted above, the Appeals Council vacated the ALJ's decision issued on November 6, 2019, and remanded the case to the ALJ for further proceedings. Tr. at 1604-05. The Appeals Council found that the ALJ had not adequately addressed the regulatory factors in evaluating the opinions provided by Ms. Whitfield's medical providers, Dr. Corcoran and Dr. Mulliken. The Appeals Council also found that the ALJ did not provide adequate reasoning to support the rejection of the opinion provided by Dr. Timothy D. Breitholtz about Ms. Whitfield's mental functioning. Further, the Appeals Council ordered the ALJ to obtain evidence from a medical expert about the nature and severity and functional limitations caused by Ms. Whitfield's impairments and to reconsider the medical source opinions and administrative medical findings.

### B. Dr. Pick

Dr. Pick, who is board certified in orthopedic surgery, testified as the medical expert at the hearing held in January of 2022. Tr. at 2647.  He stated that the medical

records showed Ms. Whitfield had chronic low back pain, a history of fusion at L5-S1, and implantation of a spinal cord stimulator. Dr. Pick initially gave his opinion that Ms. Whitfield's impairments met a listed impairment, but he could not identify the listed impairment because he did not have that information in front of him.[5] Tr. at 2650. In response to questions by the ALJ, Dr. Pick demonstrated that he was unfamiliar with the regulatory structure of the applicable listed impairment, Listing 1.15, and withdrew his opinion that Ms. Whitfield's impairments met a listed impairment. Tr. at 2651.

Dr. Pick then testified that despite her limitations Ms. Whitfield was able to do sedentary work if allowed to change position as necessary. Tr. at 2652.  When asked about postural limitations, Dr. Pick did not know what that meant. The ALJ then asked about each specific postural limitation in turn, and Dr. Pick testified that Ms. Whitfield had postural limitations. When asked if Ms. Whitfield had limitations in her ability to reach overhead and in other directions, Dr. Pick testified that she was limited to occasional reaching. Tr. 2654.

In the decision, the ALJ noted Dr. Pick's confusion about listed impairments and his failure to cite specific references in the record to support his opinion. The ALJ also stated that the record did not support the limitations Dr. Pick found. Tr. at 1542 & 1551. Based on that evaluation, the ALJ concluded that Dr. Pick's opinion was not persuasive. For purposes of the second residual functional capacity assessment, however, the ALJ

---

[5] Under the social security regulations, certain impairments, which are listed at 20 C.F.R. § 404, Subpart P, Appendix 1, are acknowledged to be so severe that they render the claimant disabled. 20 C.F.R. § 1520(d). Listing 1.15 pertains to disorders of the skeletal spine.

added a limitation to frequent reaching and certain postural limitations based on Dr.

Pick's opinion, although Dr. pick found that reaching was limited to occasionally, not

frequently. Tr. at 1551.

The problems with Dr. Pick's opinion are obvious from his testimony, and the

ALJ appropriately concluded that his opinion was not persuasive. Nevertheless, the

Appeals Council ordered the ALJ to obtain evidence from a medical expert "related to the

nature and severity of and functional limitations resulting from the claimant's

impairments." Tr. at 1605. Dr. Pick did not provide useable evidence on those matters, as

the ALJ found, and the ALJ was unable to rely on that opinion. As such, Dr. Pick did not

provide the evidence the Appeals Council ordered, which was an expert medical opinion

related to Ms. Whitfield's functional limitations resulting from her impairments.

Therefore, the record remains incomplete on those matters. See Currier v. Sec. of Health,

Ed. & Welfarre, 612 F.2d 594, 598 (1st Cir. 1980); Barrett v. Barnhart, 2003 DNH 55,

2003 WL 1701288 (D.N.H. Mar. 28, 2003).

The ALJ held a second hearing, after Dr. Pick testified, to hear testimony from a

new vocational expert. The ALJ, therefore, had an opportunity to cure the medical expert

issue by calling another medical expert to testify at the second hearing. The ALJ,

however, did not take advantage of the second opportunity to hear testimony from a new

medical expert. Instead, the ALJ left the record incomplete and was unable to rely on

evidence provided by a medical expert, as the Appeals Council had directed.

In these unusual circumstances, it is most appropriate to remand the case to allow

the administrative process to proceed in compliance with the Appeals Council's order.

### C. **Vocational experts**

A vocational expert testified at the hearing held in September of 2019 before the ALJ issued the first decision in November of 2019. The November 2019 decision was reversed, and the case was remanded by this court. The Appeals Council then vacated the decision and remanded the case for further proceedings before the ALJ.

On remand, the ALJ held a hearing in January of 2022, and a second vocational expert testified. That vocational expert testified, based on the ALJ's hypothetical questions, that there were no jobs a person with Ms. Whitfield's limitations could do. The Acting Commissioner explains that the ALJ provided an incorrect hypothetical question to the second vocational expert, which caused that opinion to be invalid. As a result, the ALJ held a third hearing in March of 2022, and a third vocational expert testified at that hearing.

In the decision, the ALJ stated at Step Five that jobs were available for a person with the residual functional capacity assessments found for Ms. Whitfield in both periods, which was based on the opinion of the first vocational expert who testified in 2019. Ms. Whitfield faults the ALJ for failing to explain in the decision why the two more recent vocational expert opinions were not used. In response, the Acting Commissioner represents that the ALJ used the 2019 opinion only for the first period, February 28, 2017, to May 31, 2019, and mistakenly wrote that the 2019 opinion was used for the second period determination when, in fact, the ALJ used the third vocational expert's opinion for that finding.

It is unclear why the ALJ relied on the first vocational expert's opinion, after the resulting decision was reversed and then vacated, despite having the opportunity to elicit opinions from the two subsequent experts. It is also unclear whether that opinion can provide substantial evidence in this context. In any case, because the case will be remanded for further administrative proceedings, any error in the vocational experts' opinions, and the ALJ's reliance on them, can be corrected as may be necessary.

<u>**Conclusion**</u>

For these reasons, Ms.Whitfield's motion to reverse[6] is granted.  The Commissioner's motion to affirm[7] is denied.

The decision of the Acting Commissioner is reversed, and the case is remanded pursuant to Sentence Four of § 405(g) for further administrative proceedings. Those proceedings shall include:

an opinion from a different orthopedic medical expert witness with particular attention to Ms. Whitfield's exertional limitations and any limitations in her ability to reach, and

an opinion from a different vocational expert witness based on accurate hypothetical questions that reflect the medical record as a whole and the record developed during the hearing.

The clerk of court shall enter judgment accordingly and close the case.

---

[6] Doc. no. 10.

[7] Doc. no. 13.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  March 21, 2023

cc:    D. Lance Tillinghast, Esq.
       Daniel S. Tarabelli, Esq.
       Michael L. Henry, Esq.